UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

APRIL DEBOER, *et al.*,

    Plaintiffs-Appellees,

-vs-                          6th Cir #14-1341
                               ED Mi #12-civ-10285

RICHARD SNYDER, *et al.*,

    Defendants-Appellants.

_____

PLAINTIFFS-APPELLEES' MOTION
TO EXPEDITE THE APPEAL

    Now come April DeBoer and Jayne Rowse and their minor children, Plaintiffs-Appellees herein, by and through their undersigned attorneys, and pursuant to the provisions of 28 U.S.C. §1657 and R. 6th Cir. 27(f), move this Court for an Order expediting the appeal in this matter for the following reasons:

    1. On March 21, 2014, Hon. Bernard A. Friedman, Senior District Judge, granted Plaintiffs-Appellees' complaint for declaratory and injunctive relief against Michigan Governor Richard Snyder and Michigan Attorney General William Schuette for the reason that the Michigan Marriage Amendment [MMA], Const. 1963, art. 1, §25, violates the equal protection clause of U. S. Const, Am. XIV (R: 151, Findings of Fact and Conclusions of Law, pp 1-31, Pg ID 3944-3974).

    2. As stated by Judge Friedman, "the MMA impermissibly discriminates

against same-sex couples in violation of the Equal Protection Clause because the provision does not advance any conceivable legitimate state interest." *Id.* at 18 (Pg ID 3961).[1]

3. On March 21, 2014, the State Defendants-Appellants filed their notice of appeal in this matter along with an emergency motion for a stay pending appeal, which motion was filed in this Court rather than in the district court.

4. On March 22, 2014, after directing Plaintiffs-Appellees' counsel to respond to Plaintiffs-Appellants' stay motion by noon on March 25, 2014, this Court temporarily stayed Judge Friedman's judgment until March 26, 2014.

5. The issues presented by this case are of enormous importance not just to Plaintiffs-Appellees but to the public at large, including all Michigan same-sex couples who wish to marry and provide their children with the same rights and benefits available to the children of opposite-sex couples.

6. 28 U.S.C. §1657 provides in relevant part:

---

[1]Plaintiffs-Appellees also challenged the MMA on the ground that it violates the 14th Amendment's due process clause. With respect to that challenge, Judge Friedman stated: "In light of this determination, the Court finds it unnecessary to address whether the MMA burdens the exercise of a fundamental right under the Due Process Clause" (R: 151, Findings of Fact and Conclusions of Law at p 18, Pg ID 3961). However, Judge Friedman also noted that "the Supreme Court has repeatedly recognized marriage as a fundamental right." *Id.* at n 5 (Pg ID 3961).

>    (a) Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that *the court shall expedite the consideration of any action ... for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute ... would be maintained in a factual context that indicates that a request for expedited consideration has merit.*

(emphasis added).

7. R. 6th Cir. 26(f) similarly provides: "A party may move to expedite the appeal. The motion must show good cause to expedite."

8. Good cause to expedite the appeal exists in this matter:

    a. Plaintiffs-Appellees sought and have been granted declaratory and injunctive relief based on the district court's well-supported finding of an ongoing denial of their right to equal protection of the laws (and, as a consequence, of the right of the adult Plaintiffs-Appellees jointly to adopt each other's special needs minor child/ren);

    b. As noted by Judge Friedman in his Findings of Fact and Conclusions of Law, the minor Plaintiffs-Appellees are left vulnerable and less secure each day that they are deprived of the opportunity to have two legal parents. *Id.* at pp 22-23 (Pg ID 3965-3966);

    c. The adult Plaintiffs-Appellees are materially harmed each day they

are unable to provide their minor children with the benefits, security, support and status of marriage and joint parentage;

    d. The loss of a constitutional right "even for minimal periods of time, unquestionably constitutes irreparable injury", *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir 1998), citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion); *Newsom v. Harris*, 888 F. 2nd 371, 378 (6th Cir 1989) (same);

    e. Beyond the harm to Plaintiffs-Appellees and other similarly situated families, the absence of marriage equality in Michigan is harmful to the state's economy. Discriminatory policies, which deter same-sex couples from adopting children within Michigan's foster care system, are causing couples to adopt from other states' foster care systems, leaving children languishing in Michigan's foster care system through adolescence at great expense to the State (Sankaran, Tr 2/26/14, at pp 64-65). Moreover, conflicting laws between states that recognize the right to same-sex marriage and those that do not create serious morale and administrative problems for employers with facilities in multiple states, which then results in reduced business influx into the state and a "brain drain" for Michigan, with qualified gay and lesbian professionals and their supporters eschewing or leaving the state. Plaintiffs-Appellees' Trial Ex.

50, Michigan Department of Civil Rights Report on LGBT Inclusion Under Michigan Law, January 28, 2013, at pp 74-82;[2]

    f. Virtually the entire transcript of the trial has already been prepared; there is no need for the normal appellate time line in order to provide for transcription of the trial; and

    g. Expediting the appeal will not in any way prejudice the interests of the State Defendants-Appellants and is in the best interests of justice.

9. Other courts of appeals have recently expedited the appeals in cases involving the right of same-sex couples to marry. In *Kitchen v. Herbert*, 10th Cir #13-4178, the Tenth Circuit *sua sponte* "direct[ed] expedited consideration of this appeal" in the course of denying the defendants-appellants' motion for a stay pending appeal [Exhibit A, order of December 24, 2013]; in *Bishop v. Smith*, 10th Cir #14-5003 and #14-5006, the court granted the defendant-appellant's motion to expedite the briefing schedule [Exhibit B, order of January 28, 2014]; and in *Jackson v. Abercrombie*, 9th Cir #12-16995, the court granted the appellants' unopposed motion to expedite

---

[2] Available at http://www.michigan.gov/documents/mdcr_Report_on_ LGBT_ Inclusion_409727_7.pdf. See specifically at p 81: ("Just as people do not want to work in discriminatory environments, people do not want to live in places where they are treated unjustly. The most recurrent theme the Department heard when soliciting testimony related to the economic impact of discrimination involved somebody reluctantly moving out of state to a place where they feel more safe, appreciated, and accepted.").

[Exhibit C, order of February 12, 2014].

10.　Expedited consideration of the instant appeal will also facilitate consideration of related cases currently pending within this Circuit, particularly given the fact that the instant case includes a detailed factual record developed at a trial. *Cf.*, *e.g.*, *Love v. Beshear*, W.D. Ky. #3:13-cv-00750-JGH (challenging Kentucky's ban on same-sex couple marriage); *Tanco v. Haslam*, M.D. Tenn. #3:13-cv-01159 (challenging Tennessee's refusal to recognize valid out-of-state marriages of same-sex couples). While this Court recently denied a motion to expedite the appeal in *Obergefell v. Wymyslo*, 6th Cir #14-3057 [Exhibit D, order of February 26, 2014], a marriage recognition case, the facts of that case are qualitatively different. As a marriage recognition case, the question in *Obergefell* is whether the State of Ohio must recognize valid out-of-state marriages on death certificates; the absence of expedited consideration in *Obergefell* does not deprive adults of the right to marry pending appeal, nor does it leave minor children vulnerable for an extended period of time as would be the case if expedited consideration were denied in the instant matter.

WHEREFORE, Plaintiffs-Appellees pray this Court for an Order expediting the appeal in this case and for such other relief as equity and justice require.

Respectfully submitted,

| | |
|---|---|
| *s/Carole M. Stanyar* | *s/ Kenneth M. Mogill* |
| CAROLE M. STANYAR P34830 | Kenneth M. Mogill P17865 |
| 221 N. Main Street, Suite 300 | MOGILL, POSNER & COHEN |
| Ann Arbor, MI 48104 | 27 E. Flint St., 2nd Floor |
| (313) 819-3953 | Lake Orion MI 48362 |
| cstanyar@wowway.com | (248)814-9470 |
| | kmogill@bignet.net |

*s/Dana M. Nessel*
DANA M. NESSEL P51346
645 Griswold, Suite 4300
Detroit MI 48226
(313)556-2300
dananessel@hotmail.com

Attorneys for Plaintiffs-Appellees

*s/Robert A. Sedler*
ROBERT A. SEDLER    P31003
Wayne State University Law School
471 W. Palmer Street
Detroit, MI 48202
(313) 577-3968
rsedler@wayne.edu

Of Counsel for Plaintiffs-Appellees

Dated: March 25, 2014