No. 14-1341

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

APRIL DEBOER, *et al.*,

     Plaintiffs-Appellees,

v.

RICHARD SNYDER, *et al.*,

     Defendants-Appellants.

Appeal from the United States District Court
Eastern District of Michigan, Southern Division
Honorable Bernard A. Friedman

**REPLY OF THE STATE DEFENDANTS-APPELLANTS IN SUPPORT OF THEIR EMERGENCY MOTION FOR IMMEDIATE CONSIDERATION AND MOTION FOR STAY PENDING APPEAL**

The plaintiffs contend that the State's motion for a stay was not proper because the State did not make this motion in the first instance in the district court. (Resp. 4–5.) But as explained in the State's motion (page 5), the State Defendants made an oral motion for a stay during closing argument, in case the district court were to decide to strike down Michigan's Marriage Amendment. The district judge did not require the State to convert its oral motion into a formal filing or say anything to suggest that the oral motion was insufficient. And this

lack of any response is unsurprising, given that the Eastern District of Michigan routinely allows and grants oral motions.  See, e.g., *Reynolds v. Banks*, 2013 WL 3389059 (E.D. Mich. July 8, 2013); *United States v. Pacheco*, 2013 WL 1976118 (E.D. Mich. May 13, 2013); *United States v. Cooper*, 2012 WL 12706 (E.D. Mich. Jan. 4, 2012); *United States v. Daniel*, 2011 WL 6090245 (E.D. Mich. Dec. 7, 2011); *Coker v. Metro. Life Ins. Co.*, 2011 WL 5838218 (E.D. Mich. Nov. 18, 2011).  In short, the State *did* "mov[e] first in the district court" for the stay, and the district court "failed to afford the relief requested."  Fed. R. App. P. 8(a)(1) & (a)(2)(A)(ii).  Accordingly, this issue is properly before the Court.

As to the merits of the stay itself, none of the plaintiffs' arguments overcome a simple fact:  the Supreme Court has already addressed precisely this situation—a federal district court striking down a state marriage amendment—and concluded that a stay pending appeal was necessary.  Having reversed the Tenth Circuit's denial of a stay in *Herbert v. Kitchen* (see attachment to the State's motion), there can be little doubt that the court tasked with ensuring uniformity in federal law across the Nation will reach the same conclusion regarding the invalidation of Michigan's Marriage Amendment.

The plaintiffs attempt to distinguish this case from *Kitchen* because this case included a trial, but that is irrelevant in a case about rational-basis review.  After all, the Supreme Court has explained that a State "has no obligation to produce evidence to sustain the rationality of a statutory classification."  *Heller v. Doe*, 509 U.S. 312, 320 (1993).  "'[A] legislative choice is *not subject to courtroom factfinding* and may be based on rational speculation unsupported by evidence or empirical data.'"  *Id.* (emphasis added).  "A statute is presumed constitutional, and '[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it,' whether or not the basis has a foundation in the record."  *Id.* at 320–21 (citations omitted).  And this reasoning applies with all the more force to a choice made directly by voters amending their own state constitution.

In any event, and out of an abundance of caution, if this Court decides to deny a stay that would last for the duration of the appeal, the State Defendants ask the Court to grant a temporary stay, for two days, until Friday, March 28, 2014.  This temporary stay would give the Supreme Court time, as this Court put it in its own order granting a temporary stay, for "a more reasoned consideration" of the emergency

motion that the State would immediately file asking the Supreme Court to stay the judgment.

## RELIEF REQUESTED

The Supreme Court has already determined that a stay pending appeal is warranted when a district court strikes down a state constitutional amendment defining marriage.  Accordingly, the State Defendants respectfully request that this Court:  (1) grant immediate consideration and (2) enter an order staying the district court's opinion and order pending final resolution of the appeal in this Court.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/Aaron D. Lindstrom*
Solicitor General
Co-Counsel of Record
P.O. Box 30212
Lansing, MI 48909
(517) 373-1110
LindstromA@michigan.gov

Kristin M. Heyse
Assistant Attorney General
Co-Counsel of Record
Attorneys for State Defendants
Health, Education, and Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 373-7700

Dated:  March 25, 2014

## CERTIFICATE OF SERVICE

I certify that on March 25, 2014, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

*/s/Aaron D. Lindstrom*
Solicitor General
Co-Counsel of Record
P.O. Box 30212
Lansing, MI 48909
(517) 373-1110
LindstromA@michigan.gov