No. 14-1341

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

APRIL DEBOER, *et al.*,

    Plaintiffs-Appellees,

v.

RICHARD SNYDER, *et al.*,

    Defendants-Appellants.

Appeal from the United States District Court
Eastern District of Michigan, Southern Division
Honorable Bernard A. Friedman

**PETITION OF THE STATE OF MICHIGAN DEFENDANTS-APPELLANTS FOR INITIAL HEARING EN BANC**

    Bill Schuette
    Attorney General

    Aaron D. Lindstrom
    Solicitor General
    Co-Counsel of Record
    P.O. Box 30212
    Lansing, MI 48909
    (517) 373-1110
    LindstromA@michigan.gov

    Kristin M. Heyse
    Assistant Attorney General
    Co-Counsel of Record

Dated: April 4, 2014

# TABLE OF CONTENTS

                                                                Page

Table of Contents ...................................................................................... i

Table of Authorities ................................................................................. ii

Statement in Support of Petition for Initial Hearing En Banc ................ 1

Statement of Facts and Proceedings ....................................................... 1

    I.      The State Constitutions ............................................................... 1

    II.     The pending case (and related cases) .............................................. 2

    III.    The expedited briefing schedule ..................................................... 4

Argument For Initial Hearing En Banc ................................................... 5

    I.      The validity of state constitutional marriage amendments is
           an issue of exceptional importance that should be resolved
           swiftly and efficiently en banc. ...................................................... 5

Conclusion and Relief Requested ............................................................. 6

Certificate of Service ................................................................................ 8

# TABLE OF AUTHORITIES

Page

**Cases**

*Bourke v. Beshear,*
  2014 WL 556729 (W.D. Ky. Feb. 12, 2014) ............................................. 3

*Coalition to Defend Affirmative Action v. Regents of Univ. of Michigan,*
  701 F.3d 466 (6th Cir. 2012) ................................................................... 6

*DeBoer v. Snyder,*
  2014 WL 1100794 (E.D. Mich. Mar. 21, 2014) ....................................... 2

*Obergefell v. Wymyslo,*
  962 F. Supp. 2d 968 (S.D. Ohio 2013) ..................................................... 3

*Tanco v. Haslam,*
  2014 WL 997525 (M.D. Tenn. Mar. 14, 2014) ........................................ 3

**Rules**

Fed. R. App. P. 35 ............................................................................... 1, 5

**Constitutional Provisions**

Ky. Const. § 233A .................................................................................. 1

Mich. Const. art. I, § 25 ......................................................................... 1

Ohio Const. art. XV, § 11 ...................................................................... 1

Tenn. Const. art. XI, § 18 ...................................................................... 1

## STATEMENT IN SUPPORT OF PETITION FOR INITIAL HEARING EN BANC

This case presents a question of exceptional importance: was the district court correct in concluding that 2.7 million Michigan voters did not have among them a single rational reason for amending their constitution to preserve marriage as the union of one man and one woman? Indeed, this question's importance is highlighted by the fact that each State in this Circuit has a similar amendment, and challenges to each are currently pending appeal in this Court. To resolve this issue swiftly and to preserve the resources of the Court and the parties, Michigan petitions for initial hearing en banc. Fed. R. App. P. 35.

## STATEMENT OF FACTS AND PROCEEDINGS

**I.     The State Constitutions**

In 2004, 2.7 million Michigan voters passed a constitutional amendment reaffirming that marriage is between one man and one woman. Mich. Const. art. I, § 25. This amendment parallels amendments that have also passed in Kentucky, Ohio, and Tennessee—that is, in each State in the Sixth Circuit. Ky. Const. § 233A; Ohio Const. art. XV, § 11; Tenn. Const. art. XI, § 18. All told, more than 8.6

million people in the Sixth Circuit voted in support of these amendments.[1]

## II. The pending case (and related cases)

On March 21, 2014, Michigan's constitutional provision was struck down on the ground that it failed rational-basis review under the Equal Protection Clause. *DeBoer v. Snyder*, 2014 WL 1100794 (E.D. Mich. Mar. 21, 2014). Michigan filed its notice of appeal the same day, and its appeal is now pending before this Court as No. 14-1341.

Similar cases examining whether marriage amendments satisfy rational basis are pending in Ohio, Kentucky, and Tennessee.

On December 23, 2013, a district court held that Ohio could not apply its marriage amendment to ban the recognition of marriage licenses issued to two same-sex couples by other states. The court held that the marriage provision failed review under the Equal Protection Clause (both heightened scrutiny and rational-basis review). It also held that the right to remain married was a fundamental right

---

[1] See http://ballotpedia.org/Michigan_Marriage_Amendment,_Proposal_2_(2004); http://ballotpedia.org/Ohio_Issue_1,_the_Marriage_Amendment_ (2004); http://ballotpedia.org/Kentucky_Marriage_Amendment_(2004); http://ballotpedia.org/Tennessee_Same-Sex_Marriage_Ban,_Amendment_1_(2006).

protected by substantive due process (under "intermediate scrutiny"). *Obergefell v. Wymyslo*, 962 F. Supp. 2d 968 (S.D. Ohio 2013). This case is pending in this Court as No. 14-3057.

On February 12, 2014, a district court held that Kentucky's constitutional provision concerning marriage also failed rational-basis review and therefore could not serve as a basis for denying recognition of out-of-state marriage licenses given to same-sex couples. *Bourke v. Beshear*, 2014 WL 556729 (W.D. Ky. Feb. 12, 2014). Kentucky's case is pending in this Court as No. 14-5291.

On March 14, 2014, a district court issued a preliminary injunction preventing Tennessee from enforcing its marriage amendment, thereby requiring Tennessee to recognize out-of-state marriage licenses issued to same-sex couples. *Tanco v. Haslam*, 2014 WL 997525 (M.D. Tenn. Mar. 14, 2014). The court rested its decision on its belief that the marriage amendment was not likely to pass rational-basis review under the Equal Protection Clause. Tennessee's case is pending in this Court as No. 14-5297.

In the space, then, of three months, not only Michigan's Constitution, but also the constitutions of Ohio, Kentucky, and Tennessee, have all been called into question on rational-basis grounds.

### III. The expedited briefing schedule

This Court correctly anticipated the need to resolve this important issue swiftly. On March 25 (just four days after Michigan filed its notice of appeal)—and in fact on the same day that the plaintiffs moved for expedited review—this Court issued a briefing schedule for the Michigan case. That briefing schedule mirrored the briefing schedules issued in the earlier Kentucky and Tennessee cases, putting those three cases on the exact same schedule. Michigan agrees that this expedited briefing schedule is appropriate. And the schedule for Kentucky, Tennessee, and Michigan follows closely on the heels of the Ohio briefing schedule (they are roughly four weeks apart). Accordingly, all four cases are proceeding swiftly in parallel and will have briefing completed within weeks of each other.

# ARGUMENT FOR INITIAL HEARING EN BANC

**I.   The validity of state constitutional marriage amendments is an issue of exceptional importance that should be resolved swiftly and efficiently en banc.**

The Federal Rules of Appellate Procedure expressly recognize that some cases are so significant that they warrant initial hearing en banc. Fed. R. App. P. 35.  This is such a case.  It presents the question whether one of our most fundamental rights—the right to vote—matters, or whether a judge can take an important social issue out of the hands of the voters by concluding it is not something about which reasonable citizens could disagree.  And that is the conclusion inherent in the district court's decision—that the debate about the wisdom of preserving marriage as between one man and one woman is so one-sided that reasonable people cannot disagree about it, that anyone who voted to preserve marriage was not just wrong, but irrational.  This legal conclusion—that there is no conceivable rational basis for voting in support of preserving the definition of marriage—warrants this Court's en banc review.

Addressing this case initially en banc will also promote the swift and efficient resolution of this issue.  If this case is decided first by a

panel, then the losing party may well seek en banc review. Further, even if that decision controls the decisions of other panels deciding the cases arising out of the other three States, a later panel might disagree with the prior decision, which in turn could lead to en banc review. And the losing parties in the later-decided cases may also seek en banc review. And that is as it should be: the validity of a state constitutional amendment in the face of a federal constitutional challenge is an issue of exceptional importance. *See, e.g.*, *Coalition to Defend Affirmative Action v. Regents of Univ. of Michigan*, 701 F.3d 466, 470 (6th Cir. 2012) (addressing the constitutionality of a provision of Michigan's constitution), cert. granted, 133 S. Ct. 1633 (U.S. 2013). Hearing this case en banc initially therefore makes sense: it will promote judicial economy and bring about a swifter resolution of this important issue. Indeed, if initial hearing en banc is not appropriate here, it is hard to see when it would ever be granted.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, Michigan respectfully requests initial hearing en banc.

        Respectfully submitted,

        Bill Schuette
        Attorney General

        */s/ Aaron D. Lindstrom*
        Aaron D. Lindstrom
        Solicitor General
        Co-Counsel of Record
        P.O. Box 30212
        Lansing, MI 48909
        (517) 373-1110
        LindstromA@michigan.gov

        Kristin M. Heyse
        Assistant Attorney General
        Co-Counsel of Record

Dated: April 4, 2014

## CERTIFICATE OF SERVICE

I certify that on April 4, 2014, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

/s/ Aaron D. Lindstrom
Aaron D. Lindstrom
Solicitor General
Co-Counsel of Record
P.O. Box 30212
Lansing, MI 48909
(517) 373-1110
LindstromA@michigan.gov
