LAW OFFICES
**MOGILL, POSNER & COHEN**
27 E FLINT STREET, 2ND FLOOR
LAKE ORION, MICHIGAN 48362
(248) 814-9470 PH
(248) 814-8231 FX

KENNETH M. MOGILL
M. JON POSNER
MARJORY B. COHEN
JILL M. SCHINSKE

MARK E. WEISS
(1944-2003)

April 17, 2014

Beverly Harris
*En Banc* Coordinator
U. S. Court of Appeals for the Sixth Circuit
Room 540, Potter Stewart U. S. Courthouse
100 E Fifth St
Cincinnati OH 45202

    re: *DeBoer v. Snyder*, #14-1341; *Obergefell v. Himes*, #14-3057

Dear Ms. Harris:

    As counsel for Plaintiffs-Appellees in *DeBoer v. Snyder*, we are in receipt of Roberta Kaplan's letter to you of this date noting her intention to move to intervene in the above-numbered appeals on behalf of Equality Ohio and the Equality Ohio Education Fund. Particularly since we did not have prior notice of Ms. Kaplan's intention to contact the Court, a letter response to Ms. Kaplan's admittedly "highly unusual" letter is warranted.

    Ms. Kaplan's letter asserts that the Court's initial consideration of these cases should be *en banc* in order to address the appropriate standard of scrutiny to be applied in cases involving claims of discrimination on the basis of sexual orientation. We have raised and litigated this issue in *DeBoer v. Snyder* since the early stages of the litigation. The issue is preserved, and we will be addressing it in our brief on appeal.

    The issue of the appropriate standard of review has been raised and considered by a three-judge panel in each of the other currently pending appeals involving marriage and marriage recognition, *Bostic v. Rainey*, 4th Cir. #14-1169; *DeLeon v. Perry*, 5th Cir. #14-50196; *Kitchen v. Herbert*, 10th Cir #13-4178; *Bishop v. Smith*, 10th Cir #14-5003 and #14-5006; and it was addressed by a three-judge panel in both *United States v. Windsor*, 133 S.Ct. 2675 (2013), and *Hollingsworth v. Perry*, 133 S.Ct. 2652 (2013), while those cases were *en route* to the Supreme Court. As we noted in our response to the petition for initial hearing *en banc*, the three-judge panels in each of these cases were/are fully capable of giving this important issue the consideration to which it is entitled.

    In addition, the issue of the appropriate standard of review was addressed by *amici* in the district court in *DeBoer*, *cf.*, *e.g.*, Motion and Brief of Constitutional Law Scholars for Leave to File Brief *Amicus Curiae* in Support of Plaintiffs, *DeBoer v. Snyder*, E.D. Mi. #2:12-cv-10285,

Beverly Harris
En Banc Coordinator
U. S. Court of Appeals for the Sixth Circuit
April 17, 2014
Page 2

documents #66 and #66-1,[1] and may well be addressed by one or more *amici* in this Court.

We respectfully submit that Ms. Kaplan's clients stand in the same position as those *amici*. We welcome the participation of Ms. Kaplan's clients as *amici* in the instant matter. We note, however, that if Ms. Kaplan's clients are permitted to intervene, there would be no logical basis for denying intervention to multiple other similarly situated groups.

Finally, we question whether intervention is even permissible in the circumstances. In contrast to *Windsor v. United States*, 797 F. Supp. 2d 230 (S.D.N.Y. 2011), in which the intervenors moved to intervene in the district court, Ms. Kaplan's clients did not seek to intervene in the district court. Pursuant to F. R. Civ. P. 1, a motion to intervene, F. R. Civ. P. 24, is available only in a district court proceeding; and, pursuant to F. R. App. P. 15 – and without having had time to research the matter in depth – it appears that a motion to intervene in the court of appeals is available only in a case involving review or enforcement of an agency order, which this case, of course, does not involve.

Thank you in advance for your attention to this matter.

Sincerely,

Kenneth M. Mogill

//
c: All counsel of record
   Roberta A. Kaplan, Esq.

---

[1] The *amici* constitutional law scholars included, *inter alia*, such nationally noted figures as Yale Law Prof. Bruce Ackerman, President Lee Bollinger of Columbia University, Dean Erwin Chemerinsky of the University of California, Irvine, School of Law, and Laurence Tribe of Harvard Law School.